**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT CLEVELAND**

| | | |
|---|---|---|
| **VICTORIA MUNOZ**, on behalf of herself and others similarly situated, | : : : | |
| Plaintiff, | : : | **CASE NO. 1:23-cv-841** |
| v. | : : | **JUDGE** |
| **KHODIYAR, INC.,** 880 Laver Rd Mansfield, OH 44905 | : : : : : | **MAGISTRATE JUDGE** <u>**JURY DEMAND ENDORSED HEREON**</u> |
| -and- | : : | |
| **PARESH PAUL PATEL**, 880 Laver Rd Mansfield, OH 44905, | : : : | |
| Defendants. | : | |

<u>**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**</u>

Named Plaintiff Victoria Munoz ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective and Class Action Complaint against Defendants Khodiyar Inc, d/b/a Mansfield Inn and Paresh Paul Patel (collectively "Defendants") for their collective failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*, the Ohio Constitution, Art. II § 34(a), and the Ohio Prompt Payment Act ("OPPA"), O.R.C. § 4113.15. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The claim under the Ohio Constitution and the OPPA claim are brought as class actions pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

I.       **JURISDICTION AND VENUE**

1.       This action is brought pursuant to the FLSA, the Ohio Constitution, the OPPA, and 28 U.S.C. § 1331.

2.       This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.       Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Ohio, and Defendants conduct substantial business in the Northern District of Ohio.

I.       **PARTIES**

A.       **Named Plaintiff**

4.       Named Plaintiff Victoria Munoz is an individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5.       At all times relevant, Named Plaintiff worked as a non-exempt employee of Defendants as defined in the FLSA and the OPPA in the position of Assistant Manager at Defendants' Mansfield Inn location in Mansfield, Ohio from approximately August 30, 2022 until approximately October 19, 2022.

6.       At all times relevant, Named Plaintiff primarily performed non-exempt duties, such as checking in guests, accepting phone calls, cleaning, and other duties associated with operating the motel, for Defendants at their motel located in Mansfield, Ohio.

7.    Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

**B.    Opt-In Plaintiffs**

8.    In addition to Named Plaintiff, two additional non-exempt employees of Defendants have opted in to this lawsuit.

9.    Joe Robert Allen Chick and Nicole Hanlon's Consent to Join forms are field herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit B**.

**C.    Defendants**

Khodiyar Inc

10.    At all times relevant, Defendant Khodiyar Inc is a domestic corporation for profit organized under and authorized to do business in Ohio.

11.    Defendant Khodiyar Inc is incorporated in the state of Ohio.

12.    Defendant Khodiyar Inc operates various motels and/or places of lodging, including its motel located 880 Laver Rd, Mansfield, OH ("Mansfield Inn").

13.    Mansfield Inn consistently has two (2) to three (3) employees.

14.    Defendant Khodiyar Inc has been and continues to be engaged in the hospitality business.

15.    At all times relevant, Named Plaintiff was engaged in commerce and/or the production of goods within the meaning of the FLSA. 29 U.S.C. § 206(a).

Paresh Patel

16.    Defendant Paresh (Paul) Patel is an individual residing in the State of Ohio who owns and/or operates Defendant Khodiyar Inc.

17.     Upon information and belief, Defendant Patel is a corporate officer, a shareholder, CEO, and an agent of Defendant Khodiyar Inc.

18.     Defendants are a single integrated enterprise and/or joint employers of Named Plaintiffs and all other similarly situated non-exempt employees, including those employed at their motel in Mansfield, as defined in, or for the purposes of, the FLSA and the OPPA.

19.     Upon information and belief, Defendants operate various other hotels/motels and places of lodging in Ohio and across the country.

20.     At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendants' motels and/or places of lodging.

21.     Defendants maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

22.     At all relevant times, Defendants have controlled the terms and conditions of employment for Named Plaintiff and others similarly situated. In so doing, Defendants are responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those similarly situated.

23.     At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated employees.

24.     At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records. Defendants form a "single employer" because they are part of a single integrated enterprise and/or they are joint employers by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

25.     Defendants have registered multiple business entities as part of their enterprise.

26.     Although Named Plaintiff and similarly situated employees are paid by one of Defendants' facilities, Defendants are their "employer" because they operate the single integrated enterprise and/or otherwise function as a joint employer.

27.     At all relevant times, Defendants have determined, shared, or co-determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees at Defendants' motels and/or places of lodging.

28.     At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff's and similarly situated employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and similarly situated employees.

29.     Upon information and belief, Defendants primarily function to operate various motels and lodging locations.

30.     Defendants form a "single employer" as a single integrated enterprise and/or joint employers of Named Plaintiff and similarly situated employees because they operate a chain of communities and interrelated operations, centralized control of labor relations, common management, and common ownership and financial control.

31.     Because the work performed by Named Plaintiff and all other similarly situated employees benefited Defendants and directly or indirectly furthered their joint interests, Defendants are collectively the joint employers of Named Plaintiff and other similarly situated employees under the FLSA's definition of "employer."

32.     Defendants have substantial control over Named Plaintiff's and similarly situated employees' working conditions and over the unlawful policies and practices alleged herein.

33.     Upon information and belief, Defendants applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of their business locations, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

34.     At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

35.     During relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

36.     During relevant times, Defendants benefitted from the work performed by Named Plaintiff and those similarly situated.

37.     Upon information and belief, Defendants operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of

sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

38.     Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to all employees at their motels and places of lodging, including policies, practices, and procedures relating to payment of and compliance with the FLSA and Ohio law (as applicable), including overtime wages, timekeeping, maintenance of records, etc.

39.     Defendants have been and continue to be an enterprise engaged in "the production of goods for commerce" within the meaning of the phrase as used in the FLSA.

40.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## II.    FACTS

41.     At all times relevant, the applicable federal minimum age is codified by 29 U.S.C. § 206(a)(1).

42.     To date, the federal minimum wage is $7.25 per hour for non-tipped, non-exempt employees. 29 U.S.C. §206(a).

43.     For the three (3) years preceding the filing of this Complaint, the Ohio minimum wage was $8.70 per hour in 2020, $8.80 per hour in 2021, $9.30 per hour in 2022, and is currently $10.10 per hour for non-tipped, non-exempt employees. *See* Ohio Const. Art. II § 34a.

44.     During all times relevant, Named Plaintiff and Defendants' other similarly situated employees are non-exempt employees who are entitled to be paid the minimum wage and overtime.

45.     At all times relevant, Named Plaintiff and other similarly situated employees were entitled to overtime pay at a rate of one-and-one-half times (1.5x) their regular rates for all hours worked over forty (40) in a workweek.

46.     Named Plaintiff and other similarly situated employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years immediately preceding the filing of this Complaint.

47.     During their employment with Defendants, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendants only paid them a daily flat rate (which for Named Plaintiff was approximately $30) regardless of the actual hours that they worked each workday and thus failed to pay these employees at or above the statutory minimum wage.

Minimum Wage Violations

48.     At all times relevant, Named Plaintiff was employed at Mansfield Inn as an Assistant Manager.

49.     At all times relevant, Named Plaintiff worked or was scheduled to work more than forty (40) hours in a work week.

50.     At all times relevant, Named Plaintiff was entitled to be paid at or above the statutory minimum wage for all hours worked.

51.     In the event that a state mandates a minimum wage that is higher than the federal minimum wage, the higher rate is the applicable minimum wage. Therefore, Named Plaintiff was entitled to be paid at or above a rate of $9.30 per hour because she lived and worked in Ohio at all relevant times and her employment was in 2022 when Ohio's minimum wage was $9.30 per hour.

52.     Despite the foregoing, during her employment at Mansfield Inn, Named Plaintiff was only compensated for her work at a flat rate of thirty (30) dollars per day, paid in cash.

53.     Named Plaintiff frequently worked over ninety (90) hours per workweek.

54.     Because Defendants only paid a flat rate of thirty (30) dollars per day, Defendants failed to compensate Named Plaintiff at or above the minimum wage for hours worked.

55.     Upon information and belief, Defendants maintain accounting notebooks documenting cash flow.

56.     Defendants' failure to compensate Named Plaintiff and other similarly situated employees, as set forth above, resulted in unpaid overtime.

<u>Unpaid Overtime Due to Failure to Comply With Minimum Wage Requirements</u>

57.     At all times relevant herein, Named Plaintiff and other similarly situated employees were employees as defined in the FLSA, the Ohio Constitution, and the OPPA.

58.     Defendants are and have been "employers" as that term is defined by the FLSA, the Ohio Constitution, and the OPPA.

59.     During relevant times, Defendants suffered or permitted Named Plaintiff and similarly situated employees to work more than forty (40) hours per workweek while not properly compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, all of which resulted from Defendants' companywide policies and/or practices described above that affected Named Plaintiff and all other similarly situated employees.

60.     Defendants' failure to pay at or above the minimum wage resulted in Named Plaintiff and similarly situated employees not being paid one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) in a workweek.

61.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and hour laws of the United States and of the State of Ohio.

62.      Defendants knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

63.     Upon information and belief, for the three (3) years preceding the filing of this Complaint, Defendants applied the same pay practices and policies to all non-exempt employees at their locations, including Named Plaintiff.

64.     The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and other similarly situated employees is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendants and/or were not kept by Defendants.

## III.    FLSA COLLECTIVE ALLEGATIONS

65.     Named Plaintiff brings her FLSA overtime claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated employees of the opt-in collective. The FLSA collective consists of the following:

> **All current and former non-exempt employees of Defendants' motels and/or places of lodging who worked for at least forty hours in one or more workweek(s) beginning three years preceding the filing of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

66.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

67.     In addition to Named Plaintiff, the putative FLSA Collective Members have been denied proper overtime compensation due to the companywide unlawful payroll policies and practices described herein. Defendants failed to meet the minimum requirements of the FLSA by not paying Named Plaintiff and the putative FLSA Collective Members at or above the minimum wage and failing to compensate at a rate of at least one-and-one-half times (1.5x) their regular rates of pay, as that phrase is defined under the FLSA, for all overtime hours worked. Named Plaintiff is representative of those other similarly situated employees and is acting on behalf of their interests as well as her own in bringing this action.

68.     The identities of the putative FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

69.     The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiff and the FLSA Collective Members overtime wages. Thus, Defendants enjoyed substantial ill-gained profits at the expense of Named Plaintiff and the FLSA Collective Members.

## IV.    RULE 23 CLASS ALLEGATIONS

70.     Named Plaintiff brings her Ohio Constitution and OPPA claims pursuant to Rule 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former non-exempt employees of Defendants' motels and/or places of lodging who were paid for at least forty hours in one or more workweek(s) beginning three years preceding the filing of this Complaint and continuing through the final disposition of this case**

**(hereinafter the "Ohio Rule 23 Class" or "Ohio Rule 23 Class Members").**

71.     During relevant times, Defendants failed to pay their non-exempt employees at or above the minimum wage. In addition, Named Plaintiff and those Ohio Rule 23 Class Members worked at least forty (40) hours per workweek, but they were not correctly compensated at a rate of at least one-and-one-half times (1.5x) their correct regular rates of pay, as that phrase is defined under the FLSA, for all hours worked in excess of forty (40) because of Defendants' policies and/or practices of paying their employees a lump sum for all hours worked without regard to actual hours that they worked.

72.     The Ohio Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

73.     Named Plaintiff is a member of the Ohio Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

74.     Named Plaintiff will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

75.     Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that she has undertaken to represent.

76.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

77.     Questions of law and fact are common to the Ohio Rule 23 Class.

78.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

79. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Rule 23 Class as a whole.

80. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81. Questions of law and fact that are common to the Ohio Rule 23 Class include but are not limited to: (a) whether Defendants violated the Ohio Constitution by failing to pay employees at least the minimum wage for all hours worked; (b) whether Defendants violated the OPPA by failing to pay the Ohio Rule 23 Class at or above the minimum wage for all hours worked; (c) whether Defendants violated the OPPA by failing to pay the Ohio Rule 23 Class overtime premium for hours worked in excess of forty (40) per workweek; (d) whether Defendants' violations were knowing and willful; (e) what amount of unpaid and/or withheld compensation is due to Named Plaintiff and other members of the Ohio Rule 23 Class on account of Defendants' violations of the OPPA; and (f) what amount of prejudgment interest is due to the Ohio Rule 23 Class members for unpaid compensation that was withheld or otherwise not paid to them.

82. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's and the Ohio Rule 23 Class's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein,

or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**V.    CAUSES OF ACTION**

**COUNT I:**
**FLSA – COLLECTIVE ACTION FOR FAILURE TO PAY MINIMUM WAGE**

83.    All of the preceding paragraphs are realleged as if fully rewritten herein.

84.    This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

85.    The FLSA requires that employees be paid no less than the federal minimum wage. 29 U.S.C. § 206(a).

86.    At all times relevant, Named Plaintiff and the FLSA Collective were Defendants' employees within the meaning of the FLSA.

87.    At all times relevant, Defendants were Named Plaintiff's and the FLSA Collective's employers within the meaning of the FLSA.

88.    Named Plaintiff and the FLSA collective were non-exempt employees entitled to be paid at or above the minimum wage.

89.    Defendants willfully failed to pay Named Plaintiff and the FLSA Collective at or above the minimum wage for hours worked, in violation of the FLSA.

90.    As a consequence of the willful underpayment of wages, alleged above, the plaintiffs have incurred damages thereby and the defendants are indebted to them in the amount of

the unpaid overtime compensation, together with interest and liquidated damages, in an amount to be determined at trial.

**COUNT II:**
**OHIO CONST., ART. II, § 34A –**
**CLASS ACTION FOR FAILURE TO PAY MINIMUM WAGE**

91.    All of the preceding paragraphs are realleged as if fully rewritten herein.

92.    This claim is brought under the Ohio Constitution.

93.    Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants, and Defendants are employers covered by the minimum wage requirements in the Ohio Constitution.

94.    Defendants paid Named Plaintiff and the Ohio Rule 23 Class below the minimum wage for hours worked because they only compensated their employees at a flat rate amount per workday, notwithstanding actual hours worked.

95.    By not paying Named Plaintiff and the Ohio Rule 23 Class at least the applicable minimum wage for each hour worked, Defendants have violated the Ohio Constitution, Article II, § 34a.

96.    As a result of Defendants' violations, Named Plaintiff and the Ohio Rule 23 Class are entitled to damages including but not limited to their unpaid wages and an additional two times (2x) the unpaid wages due under Section 34a, costs, and attorneys' fees.

**COUNT III:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

97.    All of the preceding paragraphs are realleged as if fully rewritten herein.

98.    This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

Page **15** of **19**

99.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

100.    During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

101.    Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in workweeks.

102.    Defendants violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek because of Defendants' unlawful payment practices described herein.

103.    Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

104.    Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

105.    The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were not kept by Defendants.

106.    As a direct and proximate result of Defendants' conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

## COUNT IV:
## O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION

107. All of the preceding paragraphs are realleged as if fully rewritten herein.

108. Named Plaintiff and the Ohio Rule 23 Class Members were employed by Defendants.

109. During all relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Ohio Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

110. The OPPA requires Defendants to timely pay Named Plaintiff and the Ohio Rule 23 Class Members all wages, including minimum wages and overtime in accordance with Section 4113.15(A).

111. By failing to pay Named Plaintiff and the Ohio Rule 23 Class Members all wages due to them under the FLSA and Ohio Constitution, Defendants also violated the OPPA.

112. Named Plaintiff's and the Ohio Rule 23 Class Members' unpaid wages, including minimum wages and overtime, remained unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

113. In violating the OPPA, Defendants acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

114. As a result of Defendants' willful violation, Named Plaintiff and the Ohio Rule 23 Class Members are entitled to unpaid wages and liquidated damages as stated in Section 4113.15.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendants and for an Order:

A.    Certifying the proposed FLSA collective action;

B.     Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

C.     Certifying the proposed Ohio Rule 23 Class under the OPPA;

D.     Finding that Defendants failed to keep accurate records in accordance with the Ohio Wage Act and that, as a result, Named Plaintiff, the FLSA Collective, and the Ohio Rule 23 Class are entitled to prove their hours worked with reasonable estimates;

E.     Judgment against Defendants for Named Plaintiff's and other similarly situated employees' unpaid minimum wages and overtime;

F.     Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

G.     Awarding to Named Plaintiff and the Ohio Rule 23 Class unpaid minimum wages to be determined at trial together with any liquidated damages allowed by the Ohio Constitution and OPPA;

H.     Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class costs, disbursements, and reasonable allowances for fees of counsel and experts as well as reimbursement of expenses;

I.     Awarding to Named Plaintiff, the FLSA Collective Members, and the Ohio Rule 23 Class such other and further relief as the Court deems just and proper;

J.     Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.      Rendering a judgment against Defendants for all damages, relief, or any other recovery whatsoever.

                                        Respectfully submitted,

                                        **COFFMAN LEGAL, LLC**

                                        */s/ Matthew J.P. Coffman*
                                        Matthew J.P. Coffman (0085586)
                                        Adam C. Gedling (0085256)
                                        Kelsie N. Hendren (0100041)
                                        Tristan T. Akers (0102298)
                                        1550 Old Henderson Rd
                                        Suite #126
                                        Columbus, Ohio 43220
                                        Phone: 614-949-1181
                                        Fax: 614-386-9964
                                        Email: mcoffman@mcoffmanlegal.com
                                               agedling@mcoffmanlegal.com
                                               khendren@mcoffmanlegal.com
                                               takers@mcoffmanlegal.com

                                        *Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

                                        */s/ Matthew J.P. Coffman*
                                        Matthew J.P. Coffman