# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **VICTORIA MUNOZ**, on behalf of herself and others similarly situated | : : : | |
| Plaintiff, | : : | Case No. 1:23-cv-00841 |
| v. | : : : | Judge J. Philip Calabrese |
| **KHODIYAR**, **INC**., *et al.* | : : : | Magistrate Judge Jonathan D. Greenberg |
| Defendants. | : : | |

## JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND BRIEF IN SUPPORT

Named Plaintiff Victoria Munoz ("Representative Plaintiff") and Defendants Khodiyar, Inc. and Paresh Paul Patel (collectively "Defendants") (Representative Plaintiff and Defendants collectively referred to as the "Parties") respectfully move this Court for an Order approving their Fair Labor Standards Act ("FLSA") settlement. The settlement was reached by experienced wage and hour counsel during arms-length, good faith negotiations with the assistance of a court appointed mediator.

The following documents are submitted for the Court's approval:

Exhibit 1:     Settlement Agreement and Release (the "Agreement");

Exhibit 2:     Declaration of Adam C. Gedling; and

Exhibit 3:     Proposed Order.

1

<u>**MEMORANDUM IN SUPPORT**</u>

**I.**     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>.

A.     <u>Summary of the Claims and Procedural History</u>.

On April 21, 2023, Representative Plaintiff filed this case (the "Lawsuit" or the "Action")

against Defendants on behalf of herself and other similarly situated employees.  (ECF No. 1).

In the Action, Representative Plaintiff alleged that Defendants failed to properly pay all

wages, including overtime wages and minimum wages, owed to her and other similarly situated

hotel employees in violation of the Fair Labor Standards Act, § 201 *et seq.* ("FLSA").  Specifically,

Representative Plaintiff alleged that Defendants have an unlawful policy and practice of paying

their employees at a daily or weekly rate, regardless of the actual number of hours worked per day

or per week, without paying them one and one-half (1.5) times their regular rate of pay of hours

worked in excess of forty (40) in a week. (ECF No. 1). Representative Plaintiff further alleged that

Defendants failed to pay her and other similarly situated hotel employees at the applicable

minimum wage rate due to the aforementioned policy.

Defendant denies these allegations and asserts that it properly paid its employees, including

Representative Plaintiff, for all hours worked.

In addition to Representative Plaintiff, two other individuals, namely Nicole Hanlon and

Joe Robert Allen Chick ("Opt-In Plaintiffs"), filed their signed consent forms in order to join this

case (ECF No. 1-2).  Thereafter, Mr. Chick withdrew his consent form (ECF No. 16) and is no

longer an Opt-In Plaintiff.

The Parties mediated this case with the Honorable Magistrate Judge Jonathan D. Greenberg

on October 4, 2023.  Prior to the mediation, Plaintiffs' Counsel performed a damages analysis

using information provided by Plaintiffs.  While Defendant continued to deny that any unpaid

wages to Plaintiffs were owed, with the assistance of mediation, the Parties reached a settlement. (Gedling Decl. ¶¶ 12-13).

      C.    <u>Summary of the Key Settlement Terms</u>.

The total settlement amount is $9,000.00. This amount includes: (a) all individual settlement payments to two (2) Plaintiffs; (b) a service award of $500.00 to Representative Plaintiff for her services in bringing and prosecuting this Action; (c) Plaintiffs' Counsel's attorney fees and litigation expenses; and (d) the cost of settlement administration.  (Gedling Decl. ¶¶ 14-15).

The amount of unpaid overtime and minimum wages owed to Plaintiffs, if any, was the primary dispute between the parties. The Individual Payments after all deductions set forth above reflect 40% of the calculated unpaid overtime, minimum wage., and OPPA damages. Plaintiffs will receive a proportional payment based on their calculated damages. This type of allocation is commonly used in class and collective action settlements.  (Gedling Decl. ¶ 17).

In exchange for the total settlement amount in the Agreement, this Lawsuit will be dismissed with prejudice, and the Plaintiffs will release Defendant from federal, state, and local wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, in the Lawsuit.  (Gedling Decl. ¶ 16).

**II.**    **<u>PROPRIETY OF APPROVAL OF THE SETTLEMENT</u>.**

The Settlement is subject to approval by the Court pursuant to § 216(b) of the FLSA. Court approval is warranted on all scores.

      A.    <u>The Seven-Factor Standard is Satisfied</u>.

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness." *Landsberg v. Acton Ents., Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (the court should determine whether the

settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'" *Crawford v. Lexington-Fayette Urban County Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008). The Sixth Circuit uses seven factors to evaluate class action settlements, which are:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)), *Crawford*, 2008 WL 4724499 at *3.

The Settlement satisfies each of these elements.

       1.    *No Indicia of Fraud or Collusion Exists.*

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *Bailey v. Black Tie Mgmt. Co. LLC*, No. 2:19-cv-1677, 2020 U.S. Dist. LEXIS 144274, at *6 (S.D. Ohio Aug. 12, 2020) (quoting *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 598 (E.D. Mich. 2006)).  The Agreement was achieved only after arm's-length and good faith negotiations between the Parties, with the assistance of The Honorable Judge Jonathan D. Greenberg as mediator. (Gedling Decl. ¶ 22).  As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

2.  *The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval.*

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them") (citations omitted).

If this case had not settled, the Parties would be required to engage in costly litigation, such as formal written discovery, depositions, dispositive motions, trial, and potential appeals.  The Settlement, on the other hand, provides substantial relief to the Plaintiffs promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (Gedling Decl. ¶ 25).

3.  *Investigation Was Sufficient to Allow the Parties to Act Intelligently.*

The Parties engaged in substantial investigation and analysis prior to negotiating the Settlement. Specifically, Plaintiffs' Counsel built a damages model based on information and estimates provided by Plaintiffs which was instrumental in guiding the Parties' negotiations. (Gedling Decl. ¶¶ 12-13).

In addition, the Parties assessed their potential risk of loss. Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides.

4.  *The Risks of Litigation Favor Approval.*

The settlement represents a compromise of disputed claims.  Specifically, Representative Plaintiff alleges that she and other hotel employees were not all overtime and minimum wages

owed. On the other hand, Defendant denies these allegations and asserts that it has fully compensated its inside hotel employees for all time worked. (Gedling Decl. ¶ 22).

The Parties also disagree about whether some of the Plaintiffs were exempt employees, whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, whether liquidated damages are appropriate, and whether the claims alleged can proceed collectively. (Gedling Decl. ¶ 21).

Accordingly, if this case had not settled, it is possible that there would be no recovery for the Plaintiffs at all. (Gedling Decl. ¶ 25).

### 5. *The Opinion of Plaintiffs' Counsel Favor Approval.*

Plaintiffs' Counsel is highly experienced in wage-and-hour collective and class actions. At all times, they have acted in good faith and have vigorously represented the interests of the Plaintiffs. Importantly, Plaintiffs' Counsel opined that the settlement is fair, reasonable, adequate, and in the best interests of the Plaintiffs (Gedling Decl. ¶ 20). "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the settlement.

### 6. *The Reaction of Absent Class Members*.

If the Court approves the settlement, the Plaintiffs will receive a payment that reflects approximately 40% of their calculated overtime, minimum wage, and OPPA damages. Plaintiffs' Counsel has not received any indication that Plaintiffs would object to such payment.

### 7. *The Public Interest*.

"Public policy generally favors settlement of class action lawsuits." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *13 (S.D. Ohio Aug. 17, 2018)

6

(quoting *Hainey v. Parrott*, 617 F. Supp.2d 668, 679 (S.D. Ohio 2007)). Like in *Wright*, "the settlement confers immediate benefits on the Plaintiffs, avoids the risks and expense in further litigation, and conserves judicial resources." *Id.* Thus, as in *Wright*, the Court should find that this factor supports approval of the Settlement.

      B.    <u>The Settlement Distributions Are Fair, Reasonable and Adequate</u>.

In addition to evaluating the seven factors discussed above, the Court must also "ensure that the distribution of the settlement proceeds is equitable." *Feiertag v. DDP Holdings, LLC*, No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *18 (S.D. Ohio Sep. 9, 2016) (citations omitted).

      1.    *The Individual Payments are Reasonable and Adequate.*

As part of their pre-mediation evaluation, Plaintiffs' Counsel spoke with each Plaintiff to gather information and estimates as to the number of hours worked. Although Defendant contends that Plaintiffs are not owed anything, the Parties agreed to an amount that, after deducting attorney fees, litigation costs, and the service award, reflects approximately 40% of the calculated unpaid overtime, minimum wage, and OPPA damages. This amount was settled upon as reasonable based on the information learned during mediation and settlement discussions. (Gedling Decl. ¶ 19).

All individual payments will be calculated proportionally based on their calculated overtime, minimum wage, and OPPA damages. (Gedling Decl. ¶ 17). As such, each Plaintiff will obtain compensation for alleged unpaid wages that are proportional to the amount of calculated damages within the period of time covered by the settlement.

      2.    *Representative Plaintiff's and Opt-In Plaintiffs' Service Awards are Proper and Reasonable.*

The Agreement provides for a service award of $500.00 to Representative Plaintiff in addition to her individual payment. (Gedling Decl. ¶ 15). Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious

7

ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)). *See also*, *Shane Group, Inc.*, 2021 U.S. App. LEXIS 983 at *3. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *7 (N.D. Ohio Mar. 8, 2010)).

Here, the Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiffs' Counsel to evaluate the strength of this case and reach a settlement of this matter.  Further, Representative Plaintiff attended the mediation which helped enable a settlement in this matter. In addition, Representative Plaintiff has agreed to execute a global release of all claims against Defendants in exchange for her service payment.

### 3. The Attorney Fees to Plaintiffs' Counsel Are Proper and Reasonable.

After the Court has confirmed that the terms of settlement are fair to the Plaintiffs, it may review the Agreement as to the provision of fees and litigation expenses to Plaintiffs' Counsel.

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile*

*& Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Per the Agreement, Plaintiff requests payment of attorneys' fees to Plaintiffs' Counsel in the amount of one-third of the total settlement amount, or Three Thousand Dollars and Zero Cents ($3,000.00). (Gedling Decl. ¶ 26). A one-third fee award is "typical for attorney's fees in common fund, FLSA collective actions in this District…" *Hebert v. Chesapeake Operating, Inc.*, Case No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792 at *8 (S.D. Ohio Sept. 20, 2019) (J. Morrison); See *Morse v. NTI Services, Corp.*, Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D. Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.) (S.D. Ohio August 18, 2021). This "is a normal fee amount in a wage and hour case." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *13 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221 (N.D. Ohio July 27, 2018)); *see, also, Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, *15 (S.D. Ohio Dec. 3, 2019) (approving an award of 33 1/3% of a settlement fund in a wage and hour case); *Call v. CTA Pizza, Inc.*, No. 2:18-cv-00696, 2019 U.S. Dist. LEXIS 181325, *12 (S.D. Ohio Oct. 21, 2019) (same); *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, *16 (N.D. Ohio Mar. 26, 2019) (same); *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, *21 (S.D. Ohio Aug. 17, 2018) (same); *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018

9

U.S. Dist. LEXIS 78222, *6 (N.D. Ohio May 4, 2018) (same); *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09CV1608, 2010 U.S. Dist. LEXIS 58912, *22 (N.D. Ohio June 15, 2010) (same).

Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. Thus, Plaintiffs' Counsel "assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *19 (S.D. Ohio Dec. 3, 2019).

Finally, courts in this district acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *10 (S.D. Ohio Nov. 25, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

    4.    *The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case.*

Plaintiffs' Counsel should also be reimbursed their litigation expenses, which as of the date of this Joint Motion are $404.10. The litigations expenses were reasonable and necessary to prosecute the case and were primarily comprised of the filing fee and mailing costs. (Gedling Decl. ¶ 28).

"Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining

settlement." *Brandenburg*, 2019 U.S. Dist. LEXIS 204371 at *20. In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.* Because Plaintiffs' Counsel's litigation expenses were incurred in the prosecution of the claims in this case and in obtaining the settlement, the Court should award reimbursement of these expenses to Plaintiffs' Counsel.

## III.   CONCLUSION.

The Parties submit that this settlement is a fair and reasonable resolution of the disputed issues, which is consistent with the goal of securing the just, speedy, and inexpensive determination of every action. Accordingly, the Parties request that this Court: (1) enter the proposed Order Granting Joint Motion for Approval of Collective Action Settlement and Dismissal with Prejudice; (2) approve Plaintiffs' Counsel's request for attorney fees and expenses; (3) approve the requested service payment to Representative Plaintiff; and (4) retain jurisdiction to enforce the settlement if necessary.

Respectfully submitted,

| | |
|---|---|
| */s/ Adam C. Gedling* | */s/ David E. Byrnes* |
| Matthew J.P. Coffman (0085586) | Alex Granovsky (0092900) |
| Adam C. Gedling (0085256) | David E. Byrnes (0086975) |
| Kelsie N. Hendren (100041) | **GRANOVSKY & SUNDARESH, PLLC** |
| Tristan T. Akers (0102298) | 600 Superior Ave., Suite 1300 |
| **COFFMAN LEGAL, LLC** | Cleveland, OH 44114 |
| 1550 Old Henderson Road, Suite #126 | Phone: 216-600-7994 |
| Columbus, Ohio 43220 | Fax: 646-417-5500 |
| Phone: 614-949-1181 | Email: dbyrnes@g-s-law.com |
| Fax: 614-386-9964 | |
| Email: mcoffman@mcoffmanlegal.com | |
|        agedling@mcoffmanlegal.com | |
|        khendren@mcoffmanlegal.com | |
|        takers@mcoffmanlegal.com | |

11

## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on this 31st day of October 2023 a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Adam C. Gedling_____
Adam C. Gedling
