# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **VICTORIA MUNOZ**, on behalf of herself and others similarly situated, : : : | |
| : | Case No. 1:23-cv-00841 |
| Plaintiff, : | |
| : | Judge J. Philip Calabrese |
| v. : | |
| : | Magistrate Judge Jonathan D. Greenberg |
| **KHODIYAR, INC.** *et al.*, : | |
| : | |
| Defendant. : | |

## STIPULATED ORDER GRANTING JOINT MOTION FOR APPROVAL OF COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Victoria Munoz ("Representative Plaintiff") brought the above-captioned action against Khodiyar, Inc. and Paresh Paul Patel (collectively "Defendants") for unpaid overtime and minimum wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. (ECF No. 1). Representative Plaintiff alleges that Defendants violated the FLSA by failing to pay allegedly hourly non-exempt hotel employees for certain work. *Id*. Defendant denies these allegations and asserts that it properly paid its employees, including Representative Plaintiff, for all hours worked. Representative Plaintiff request this action be certified as a collective action and a total of two (2) hotel employees joined the action, including Representative Plaintiff (collectively "Plaintiffs"). In addition to their counsel, Representative Plaintiff and Defendants participated in mediation with the Honorable Judge Jonathan D. Greenberg and have settled Plaintiffs' claims and move for approval of their settlement agreement. *Id*.

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's*

*Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case as the parties dispute whether Defendants' hotel employees have any further entitlement to pay for overtime or minimum wage. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel with the assistance of a neutral mediator. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible

appeals. Although the parties did not engage in formal discovery beyond disclosures required under Civil Rule 26 and other informal discovery exchanges, Plaintiffs' counsel was able to speak with Plaintiffs to obtain the necessary information to perform a damages analysis.

Although the parties dispute both the existence and amount of unpaid overtime and minimum wages, the parties represent that individual settlement payments reflect approximately 40% of their calculated overtime, minimum wage, and OPPA damages. The exact amount will be calculated on an individual basis depending on each Plaintiff's calculated damages. Representative Plaintiff will receive a $500.00 service award in addition to her individual payment. All of these payments are reasonable. *See Yorba v. Barrington Sch., LLC*, No. 2:21-CV-691, 2022 WL 2436952, at *5 (S.D. Ohio July 5, 2022); *Smith v. SAC Wireless, LLC*, No. CV 20-10932, 2022 WL 1744785, at *3 (E.D. Mich. May 31, 2022) (citing *Dillworth v. Case Farms Processing, Inc*., No. 5:08-cv-1609, 2010 WL 776933, at *8 (N.D. Ohio Mar. 8, 2010). Given that the individual settlement payments exceed the typical recovery, these payments are reasonable. *See Harsh v. Kalida Mfg., Inc*., No. 3:18-CV-2239, 2021 WL 4145720, at *3–9 (N.D. Ohio Sept. 13, 2021) (describing recovery of 42% of the alleged overtime damages as an "excellent result" in the final approval Order because it was "substantial relief"); *Vigna*, 2016 WL 7034237, at *2 (S.D. Ohio Dec. 2, 2016) (approving FLSA settlement where individual payments represented 55% of wages alleged owed).

Moreover, attorneys' fees in the amount of Three Thousand Dollars and Zero Cents ($3,000.00) represent one-third of the total settlement amount and are reasonable. *See Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for attorney's fees in common fund, FLSA collective actions in this District."); *Morse v. NTI Services, Corp*., Case No. 2:20-cv-02173, 2021 WL 4350485 at *2 (S.D.

Ohio September 17, 2021) (finding attorney fees award that represents one-third of the total settlement amount are reasonable); *Bailey v. Paradies Shops, LLC*, Case No. 2:20-cv-2610, 2021 WL 3662466 at *6 (in finding a one-third attorney fees request to be reasonable, the Court noted, "District courts have approved collective and class actions fee requests when the fee is one-third of the total settlement amount.) (S.D. Ohio August 18, 2021); *O'Neil v. Miller Pipeline, LLC*, Case No. 2:20-cv-4034, 2021 WL 5376235 at *2 (S.D. Ohio November 2, 2021) (finding attorney fees award that represents approximately one-third of the total settlement amount reasonable). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs of $404.10.

The parties' Joint Motion for Approval of FLSA Collective Action Settlement is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, and the distribution process.

**IT IS SO ORDERED**.

s/ Jonathan D. Greenberg

JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE